**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS DISTRICT UNION LOCAL TWO AND EMPLOYERS PENSION FUND; UNITED FOOD AND COMMERCIAL WORKERS AND EMPLOYERS KANSAS AND MISSOURI HEALTH AND WELFARE TRUST FUND; AND DIANNA CAMPBELL AS A FIDUCIARY OF THE UNITED FOOD AND COMMERCIAL WORKERS DISTRICT UNION LOCAL TWO AND EMPLOYERS PENSION FUND AND OF THE UNITED FOOD AND COMMERCIAL WORKERS AND EMPLOYERS KANSAS AND MISSOURI HEALTH AND WELFARE TRUST FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> THE DILLON COMPANIES, INC. <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case 4:15-cv-632

## COMPLAINT

Plaintiffs, for their cause of action against Defendant The Dillon Companies, Inc., state as follows:

### PLAINTIFFS' REQUEST FOR PLACE OF TRIAL

1. Pursuant to District of Western Missouri Rule 3.1 (b)(1), Plaintiffs hereby request that the trial in this matter be held in Kansas City, Missouri.

### NATURE OF THE CASE

2. This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145 to

1

collect fringe benefit contributions from the Defendant due and owing the Plaintiff Employee Benefit Plans.

## PARTIES

3. Plaintiff United Food and Commercial Workers District Union Local Two and Employers Pension Plan (hereinafter "the Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Fund maintains its principal place of administration at 3100 Broadway, Suite 100, Kansas City, Missouri, 64111, which is located within the territorial boundaries of the Western District of Missouri. The Pension Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002 (37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

4. Plaintiff United Food and Commercial Workers and Employers Kansas and Missouri Health and Welfare Trust Fund (hereinafter "the Health and Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Fund maintains its principal place of administration at 3100 Broadway, Suite 100, Kansas City, Missouri, 64111, which is located within the territorial boundaries of the Western District of Missouri. The Pension Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002 (37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

5. Plaintiff Dianna Campbell is a fiduciary of the Plaintiff Pension Fund and of the Plaintiff Health and Welfare Fund within the meaning of 29 U.S.C. § 1002 (21) and as such is a proper party to this action.

6. Defendant Dillon Companies, Inc., is a for-profit corporation organized under and existing by virtue of the laws of the State of Ohio. Defendant Dillon Companies, Inc., operates stores throughout Kansas and Missouri through its Gerbes and Dillons operating unit. The Dillon Companies, Inc. is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION AND VENUE

7. This Court has jurisdiction of the Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132 and 1145, as well as pursuant to 28 U.S.C. § 1331.

8. Whereas the Plaintiff employee benefit plans are administered in the Western District of Missouri, venue is appropriate in this district pursuant to 29 U.S.C. § 1132 (e)(2) and 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

9. Through its Gerbes and Dillons brands, the Dillon Companies, Inc. is a party to collective bargaining agreements with the United Food and Commercial Workers District Union Local 2 (hereinafter "UFCW Local 2"). Said collective bargaining agreements have been in effect at all times material to this action and are attached as Exhibit 1.

10. Both the Pension Fund and the Health and Welfare Fund (hereinafter, collectively, "Funds") are established and operated pursuant to a written agreement and/or a declaration of trust. These agreements and/or declarations of trust are

incorporated by reference into and are a material part of the collective bargaining agreements between the Dillon Companies, Inc.'s Gerbes/Dillons operating units and UFCW Local 2. The agreements/declaration of trust are attached as Exhibit 2.

11. At all times material and relevant to this action, the Dillon Companies, Inc. through its Gerbes/Dillons operating unit, has employed employees who have performed covered work under the collective bargaining agreements.

12. The Dillon Companies, Inc., through its Gerbes/Dillons operating unit, is obligated under the collective bargaining agreements to submit reports and fringe benefit contributions timely to the Funds. The Dillon Companies, Inc., through its Gerbes/Dillons operating unit, is required to submit contributions to the Funds each month in such amounts as determined by the number of hours of covered work performed by Dillon Companies, Inc. employees at the rates established for each of the Funds in the collective bargaining agreements.

13. The collective bargaining agreements require that contributions due to the Funds be paid by the tenth day of the month following the month in which the work was performed. Payments not made by the twenty-fifth (25th) day of the month following month in which the work was performed are delinquent.

14. Pursuant to the Delinquency Procedures for the Pension and Health and Welfare Funds, in 2009, the Funds notified the Dillon Companies, Inc.'s Gerbes/Dillons operating unit of that their auditor would perform a payroll record audit of the Dillon Companies, Inc.'s records to insure contributions were being made to the Funds for all covered work. Copies of the Delinquency Procedures are attached as Exhibit 3. The Gerbes/Dillons operating unit contended it did not have

comprehensive, systematic records of hours worked by covered employees and provided the auditor with boxes of incomplete, unorganized payroll records.

15. A preliminary audit was completed in mid-2011 based on the incomplete payroll records provided by the Dillon Companies, Inc. The preliminary audit covered January 1, 2002 through July 31, 2008. The auditor arrived at a preliminary estimate of delinquent and unpaid contributions due to the Health and Welfare Fund ($592,468.15) and unpaid contributions due to the Pension Fund ($226,138.89). As a result, the Dillon Companies, Inc., through its Gerbes/Dillons operating unit, is in breach of the collective bargaining agreements.

16. Upon the preliminary audit's completion, the Funds demanded payment of the unpaid contributions. To date, the contributions remain unpaid.

17. In or around August 2012, counsel for the Defendant sent correspondence to Fund counsel disputing the amount claimed pursuant to the preliminary audit and indicating that the Dillon Companies, Inc. had conducted its own compliance audit. Fund counsel subsequently requested a copy of the Dillon Companies compliance review together with all supporting data.

18. An action to collect unpaid contributions based on the preliminary audit was filed in this court in 2013 and subsequently dismissed without prejudice in September 2014.

19. The parties met in 2013 and agreed that all data would be provided to the Funds' auditor. Defendant represented that although its employment data had previously been unavailable in electronic format, it could now be provided. Based upon the data shared to date, the preliminary audit for years 2003-2008 has

determined that contributions are owed. As a result, Defendant is in breach of the collective bargaining agreements and law.

20. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Defendant Dillon Companies, Inc. is required to provide access to the records necessary for the Funds to determine whether Defendant complied with its obligation to contribute to the Funds.

21. Defendant Dillon Companies, Inc. breached the provisions of the collective bargaining agreements by failing to allow Plaintiffs to complete an audit based upon complete and accurate payroll records. Defendant Dillon Companies, Inc. breach has resulted in an undue delay and additional audit fees in the completion of a true and accurate audit.

22. The Plaintiffs require continued access to accurate payroll and employment records to complete the audit. Specifically, the Funds require reports of hours worked for each bargaining unit employee for each month, the position(s) or job title(s); and/or job code(s) held by the employee at the time, the rates of pay received, the identification number(s) used, a list of any employees believed to be ineligible together with the reason(s) and documentation supporting the ineligibility determination, all applicable collective bargaining agreements, and other information deemed necessary by the auditor.

23. The review of the books and records provided by Dillon Companies, Inc. to date indicate that Dillon Companies, Inc. owes the Funds at least $1,195,914.30 in delinquent contributions for the audit period. The Plaintiffs reasonably believe that the production of the outstanding records set forth in paragraph 22 of this Complaint

will result in the determination that more delinquent contributions are owed. The partial preliminary audit conducted to date is attached as Exhibit 4.

24. Employers are required by 29 U.S.C. § 1059 (a)(1) to maintain complete and accurate records sufficient to determine the benefits due or which may become due to employees and imposes a duty of responsibility and record keeping on employers with respect to all employees who are participants in an employee benefit plan.

25. Once an ERISA fund shows an employer's records are deficient and produces an apparently sound accounting suggesting that money is owed, the burden shifts to the employer to show that contributions are not owed.

26. The Dillon Companies, Inc., through its Gerbes/Dillons operating unit, is obligated under the collective bargaining agreements and ERISA to pay liquidated damages and interest to the Funds upon any delinquent contributions. Further Defendant Dillon Companies, Inc., through its Gerbes/Dillons operating unit, is obligated under ERISA to pay the Funds' costs and reasonable attorney fees for collection of any delinquent contributions.

27. Under the collective bargaining agreements, the Dillon Companies, Inc., through its Gerbes/Dillons operating unit, is liable to the Funds for liquidated damages of twenty percent (20%) of the delinquent contributions.

28. Under the collective bargaining agreements, the Dillon Companies, Inc., through its Gerbes/Dillons operating unit, is liable to the Funds for interest upon the delinquent contributions and liquidated damages at the rate of one percent (1%) per month non-compounding. Interest continues to accrue.

29. The Funds have incurred attorney's fees, auditor fees, and other costs in their efforts to remedy the Dillon Companies, Inc.'s failure, through its Gerbes/Dillons operating unit, to cooperate with the audit and pay fringe benefit contributions. The Funds are entitled to recover these fees and costs pursuant to the terms of the collective bargaining agreements and by law.

30. Under the Delinquency Procedures, collective bargaining agreements, and by law, the Funds have the right to audit any of the books and records of the Dillon Companies, Inc. and its Gerbes/Dillons operating unit necessary to determine the amount due to Plaintiffs. Under law, the cost of such audit is a cost of this action and is to be awarded to the Funds against the Dillon Companies, Inc.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

(1) Finding that the Dillon Companies, Inc., be required to provide access to its books and records within ten (10) days for the period of January 1, 2003 through June 30, 2009;

(2) Finding that the Dillon Companies, Inc. be ordered to pay all contributions shown due upon the completion of the audit for years 2003 to 2008;

(3) Finding that the Dillon Companies, Inc. be ordered to pay the attorney and auditor fees and costs incurred by Plaintiffs;

(4) Finding that the Dillon Companies, Inc. be ordered to pay liquidated damages and interest;

(5) Granting the Plaintiffs any other such relief that the Court deems just and proper, including additional interest and professional fees that accrue during the pendency of this action.

Respectfully Submitted,

___/s/Brian Wood_____
Brian Wood, MO Bar #40795
Wickham & Wood, LLC
4317 S. River Blvd.
Independence, MO 64055
Phone (816) 753-8751
FAX (816) 373-9540
brian@wickham-wood.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL <br> WORKERS DISTRICT UNION LOCAL TWO <br> AND EMPLOYERS PENSION FUND, *ET AL.* <br><br> Plaintiffs, <br><br> vs. <br><br> THE DILLON COMPANIES, INC. <br><br> Respondent. | Case No. 4:15-cv-632 |

**NOTICE REGARDING EXHIBIT ATTACHMENT**

Exhibit 1 which is an attachment to *Plaintiffs' Complaint* is in paper form only and is being maintained in the case file in the Clerk's office.

                                                                                              Respectfully Submitted,

                                                                                            ____/s/Brian Wood_____
                                                                                            Brian Wood, MO Bar #40795
                                                                                            Wickham & Wood, LLC
                                                                                            4317 S. River Blvd.
                                                                                            Independence, MO 64055
                                                                                            Phone (816) 753-8751
                                                                                            FAX (816) 373-9540
                                                                                            brian@wickham-wood.com

Date: August 24, 2015

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS DISTRICT UNION LOCAL TWO AND EMPLOYERS PENSION FUND, *ET AL.* ) ) ) ) Plaintiffs, ) ) vs. ) ) THE DILLON COMPANIES, INC. ) ) Respondent. ) _____ ) | Case No. 4:15-cv-632 |

## **NOTICE REGARDING EXHIBIT ATTACHMENT**

Exhibit 2 which is an attachment to *Plaintiffs' Complaint* is in paper form only and is being maintained in the case file in the Clerk's office.

Respectfully Submitted,

\_\_\_/s/Brian Wood_____
Brian Wood, MO Bar #40795
Wickham & Wood, LLC
4317 S. River Blvd.
Independence, MO 64055
Phone (816) 753-8751
FAX (816) 373-9540
brian@wickham-wood.com

Date: August 24, 2015

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS DISTRICT UNION LOCAL TWO AND EMPLOYERS PENSION FUND, *ET AL.* ) ) ) ) ) Plaintiffs, ) ) vs. ) ) THE DILLON COMPANIES, INC. ) ) Respondent. ) ) | Case No. 4:15-cv-632 |

## NOTICE REGARDING EXHIBIT ATTACHMENT

Exhibit 3 which is an attachment to *Plaintiffs' Complaint* is in paper form only and is being maintained in the case file in the Clerk's office.

Respectfully Submitted,

___/s/Brian Wood_____
Brian Wood, MO Bar #40795
Wickham & Wood, LLC
4317 S. River Blvd.
Independence, MO 64055
Phone (816) 753-8751
FAX (816) 373-9540
brian@wickham-wood.com

Date: August 24, 2015

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS DISTRICT UNION LOCAL TWO AND EMPLOYERS PENSION FUND, *ET AL.* ) ) ) ) Plaintiffs, ) ) vs. ) ) THE DILLON COMPANIES, INC. ) ) Respondent. ) | Case No. 4:15-cv-632 |

## NOTICE REGARDING EXHIBIT ATTACHMENT

Exhibit 4 which is an attachment to *Plaintiffs' Complaint* is in paper form only and is being maintained in the case file in the Clerk's office.

Respectfully Submitted,

\_\_/s/Brian Wood_____
Brian Wood, MO Bar #40795
Wickham & Wood, LLC
4317 S. River Blvd.
Independence, MO 64055
Phone (816) 753-8751
FAX (816) 373-9540
brian@wickham-wood.com

Date: August 24, 2015